# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **11-03216-hb**
Adversary Proceeding Number: **11-80212-hb**

## Order Denying Motions to Reconsider or Vacate

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/26/2012**



US Bankruptcy Judge
District of South Carolina

Entered: 09/26/2012

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>TMG Liquidation Company,<br><br>                                              Debtor(s). | C/A No. 11-03216-HB<br><br>Adv. Pro. No. 11-80212-HB<br><br>Chapter 11 |
| J. H. Cohn, LLP, as Plan Administrator, on behalf of the estates of the above-captioned Debtors,<br><br>                                              Plaintiff,<br><br>v.<br><br>National Patent Development Corporation<br>Jay Baker<br>E. Fort Wolfe, Jr.<br>Caleb C. Fort,<br><br>                                              Defendants. | **ORDER DENYING MOTIONS TO RECONSIDER OR VACATE** |

**THIS MATTER** comes before the Court for consideration of various pleadings filed by Defendants Jay Baker, E. Fort Wolfe, Jr., and Caleb C. Fort (collectively the "Individual Defendants").[1] The pleadings question this Court's order denying the Individual Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Order Denying 12(b)(6) Motion").[2] Plaintiffs submitted pleadings in response and opposition that are also resolved or rendered moot by entry of this Order.[3]

---

[1] *See Individual Defendants' Motion to Amend or Vacate Bankruptcy Court's August 14, 2012 Order* (Doc. No. 89, filed August 28, 2012), *Objection Pursuant to Bankruptcy Rule 9033 to Proposed Conclusions of Law Contained in Court's Order Denying the Individual Defendants' Motion to Dismiss* (Doc. No. 90, filed August 28, 2012), and *Objection to Motion to Strike Individual Defendants' Objection Pursuant to Bankruptcy Rule 9033 to Proposed Conclusions of Law Contained in Court's Order Denying the Individual Defendants' Motion to Dismiss* (Doc. No. 95, filed September 10, 2012).

[2] Doc. No. 86, entered Aug. 14, 2012.

[3] *See Motion to Strike Individual Defendants' Objection Pursuant to Bankruptcy Rule 9033 to Proposed Conclusions of Law Contained in Court's Order Denying the Individual Defendants' Motion to Dismiss* (Doc. No. 93, filed August 31, 2012) and *Plan Administrator's Combined (I) Memorandum in Opposition to Individual Defendants' Motion to Amend or Vacate the Bankruptcy Court's August 14, 2012 Order, and (II)*

## PROCEDURAL BACKGROUND

On January 31, 2012, the Individual Defendants filed their *Motion to Dismiss*[4] pursuant to Rule 12(b)(6), along with a jury demand[5] and a *Motion to Withdraw the Reference*,[6] requesting that the United States District Court for the District of South Carolina hear any matters relating to the Individual Defendants, pursuant to 28 U.S.C. § 157(d).[7]  On March 2, 2012, the record was transmitted from this Court's docket to that of the District Court.[8]  On June 4, 2012, the District Court entered an order finding that "the reference of this adversary proceeding shall remain with the bankruptcy court as to all pretrial matters, including dispositive motions, such as motions for summary judgment, which the bankruptcy court may handle by submitting proposed findings of fact and conclusions of law to the district court."[9]

Thereafter, this Court entered the Order Denying 12(b)(6) Motion.[10]  The Individual Defendants assert that this Order should be vacated or amended because it may include only *proposed* findings of fact and conclusions of law submitted to the District Court for review.[11]

## DISCUSSION AND CONCLUSIONS

The District Court's Order instructed this Court to enter proposed findings of fact and conclusions of law for ***dispositive*** motions, regardless of the core or non-core nature of this proceeding.  Motions are considered dispositive if they bring about the ***final***

---

*Reply in Further Support of Plan Administrator's Motion to Strike Individual Defendants' Rule 9033 Objection* (Doc. No. 96, filed September 13, 2012).
[4] Doc. No. 19.
[5] Doc. No. 20.
[6] Doc. No. 21.
[7] Doc. Nos. 20 and 21.
[8] Doc. No. 21 and case number 7:12-cv-00629-TMC.
[9] Doc. No. 73, at 6-7, entered June 5, 2012.
[10] *See* Doc. Nos. 19, 40, 76, 78, and 81.
[11] *See* Doc. No. 89, filed August 28, 2012.

determination of the case.[12] Essentially, granting a motion to dismiss is "final and immediately appealable because it disposes of the entire case"; however, denial of a motion to dismiss "is interlocutory in nature because it 'merely preserves the status quo in the case.'" *Liscinski v. Cambridge Management Group (In Re Trimble)*, Adv. No. 07-2115, 2008 WL 782581, at *3 (Bankr. D. N.J. 2008) (citing *Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985); *Smith v. First Nat'l Bank of Albany (In re Smith)*, 735 F.2d 459, 461 (11th Cir. 1984)).

Denial of a motion to dismiss pursuant to Rule 12(b) "is not a final order because it does not 'end the litigation on the merits and leave nothing for the court to do but execute the judgment.'" *Rux v. Republic of Sudan*, 461 F.3d 461, 474 (4th Cir. 2006) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911 (1945)) (discussing the district court's order denying a motion to dismiss for lack of personal jurisdiction); *see also*, *Walter v. Freeway Foods, Inc. (In re Freeway Foods of Greensboro, Inc.)*, Adv. No. 10-02057, 2012 WL 476151, at *2 n.1 (Bankr. M.D.N.C. Feb. 14, 2012) (*Stern v. Marshall* is not implicated because denial of a dispositive motion does not constitute a final order) (citing *Bryan v. BellSouth Communications, Inc.,* 492 F.3d 231, 240 (4th Cir. 2007); *Allen v. Stone,* 588 S .E.2d 495, 497 (N.C. App. 2003); *O'Neill v. Southern Nat'l Bank,* 252 S.E.2d 231, 234 (N.C. App. 1979); *see also*, *In Re Trimble*, 2008 WL 782581, at *3 (Bankr. D. N.J. 2008) (citing *Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985); *Smith v. First Nat'l Bank of Albany (In re Smith)*, 735 F.2d 459, 461 (11th Cir. 1984)). Furthermore, "nothing in the Bankruptcy Code or in Rule 9033 *requires* the bankruptcy court to file proposed findings of

---

[12] *See Black's Law Dictionary* (9th ed. 2009) (defining dispositive as: "1. Being a deciding factor; (of a fact or factor) bringing about a final determination. 2. Of, relating to, or effecting the disposition of property by will or deed."). In contrast, an interlocutory order is "one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits." *In Re Hebb*, 53 B.R. 1003, 1005 (1985) (citing *United States v. O'Donnell (Matter of Abingdon Realty Corp.),* 634 F.2d 133 (4th Cir.1980)).

fact and conclusions of law, and to trigger immediate district court review, at the time an interlocutory order dismissing fewer than all claims is first entered." *See O'Toole v. McTaggart (In re Trinsum Group, Inc.)*, 467 B.R. 734, 738 (Bankr. S.D.N.Y. 2012); *see also Helbling v. Josselson (In re Almasri)*, 378 B.R. 550, 553-54 (Bankr. N.D. Ohio 2007) (finding that "157(c)(1) speaks only to "final" orders or judgments, the plain language of that provision dictates that this Court has the authority to enter interlocutory orders in non-core proceedings and courts have consistently held such to be within the power of the bankruptcy court") (citing *In re One–Eighty Investments, Ltd.,* 72 B.R. 35, (N.D.Ill.1987) (striking objections to bankruptcy court's findings of fact and conclusions of law denying motion for summary judgment because "Congress did not intend to impose the burden on the district court that would result if bankruptcy courts could not enter interlocutory orders")).

After a careful review of the District Court's order, 28 U.S.C. § 157(c), applicable case law and the arguments of the parties, the Court finds Plaintiff's arguments[13] persuasive and hereby orders that the relief requested in the *Individual Defendants' Motion to Amend or Vacate Bankruptcy Court's August 14, 2012 Order* and *Objection Pursuant to Bankruptcy Rule 9033 to Proposed Conclusions of Law Contained in Court's Order Denying the Individual Defendants' Motion to Dismiss* is hereby **DENIED.**

---

[13] Given the Court's ruling in favor of Plaintiff regarding the Individual Defendants' motions, consideration of Plaintiff's Motion to Strike is not necessary.

4